UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jonathan Andrew Perfetto

   v.                                            Civil No. 12-cv-393-JL

Walter Alexis et al.

**O R D E R**

Jonathan Perfetto has filed a complaint (doc. no. 1) pursuant to 42 U.S.C. § 1983, alleging that the defendant employees of the Hillsborough County House of Corrections ("HCHC") violated a number of his rights under the federal constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) ("RLUIPA"), during his incarceration at that facility.  The matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief could be granted.  See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule 4.3(d)(2).

As fully explained in the report and recommendation issued this date, the court finds that Perfetto has alleged sufficient facts to state the following claims for relief:

      1.   HCHC Officer Plumtin used excessive force against Perfetto by punching him twice in the face on November 13, 2010, in violation of Perfetto's Eighth Amendment right to be free from cruel and unusual punishment; and

      2.  A claim under RLUIPA for damages against former HCHC Superintendent James O'Mara, HCHC Superintendent (and former HCHC Assistant Superintendent) David Dionne, Capt. Marc Cusson, and two Jane Doe HCHC mail clerks, in their official capacities, alleging that defendants, acting pursuant to unreasonably restrictive HCHC mail policies, denied Perfetto access to religious pamphlets to distribute to other inmates.

The court notes that Perfetto has filed summons forms for three of the defendants against whom this suit may proceed: Cusson, Dionne, and O'Mara.  The Clerk's office is directed to forward three blank summons forms to Perfetto for defendants Plumtin and for the Jane Doe defendants.  Perfetto is directed to complete and return the summons forms to the clerk's office within thirty days of the date of this order.[1]  The clerk's office is directed to issue the completed summonses presently in the file, and additional completed summonses, once they are received.  The clerk's office shall forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summonses; the complaint (doc. no. 1), the report and recommendation issued this date; and this order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve process upon the defendants pursuant to Fed.

---

[1] If plaintiff cannot now identify the Jane Doe mail clerks, he may attempt to ascertain their names in discovery, then move to amend his complaint to include their names, file completed summons forms for each of them, and request that they be served at that time.

R. Civ. P. 4(c)(3) and 4(e); see also N.H. Rev. Stat. Ann. § 510:2.

Defendants are instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A). Perfetto is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya McCafferty
United States Magistrate Judge

May 21, 2013

cc: Jonathan Andrew Perfetto, pro se

LBM:jba