UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jonathan Andrew Perfetto

    v.                                      Civil No. 12-cv-393-JL

Walter Alexis et al.

**REPORT AND RECOMMENDATION**

Before the court in this closed case is plaintiff Jonathan Perfetto's motion (doc. no. 46) entitled "History of Perfetto I," which the court construes as a motion for relief from judgment filed pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. In the motion, Perfetto seeks to reopen this case and litigate a claim that defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying him access to religious pamphlets mailed to him at the Hillsborough County House of Corrections ("HCHC"), during his 2009-2010 incarceration at that facility.

**Background**

Perfetto originally filed this action on October 17, 2012. See Complaint (doc. no. 1). The court, after conducting preliminary review pursuant to 28 U.S.C. § 1915A(a), authorized service of the RLUIPA claim. See Order (doc. no. 12). On

August 8, 2013, Perfetto filed a request for voluntary dismissal (doc. no. 31) of the case, which the court granted. See Order (doc. no. 37).

## Discussion

I. Rule 60(b)(6) Standard

"Rule 60(b)(6) grants federal courts 'broad authority to vacate final judgments provided that the motion is made within a reasonable time." Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 42 (1st Cir. 2015) (citation omitted).

> To balance the "competing policies" of finality of judgments and resolving litigation on the merits, courts considering motions under Rule 60(b)(6) ordinarily examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim or defense, which, if proven, could bring her success at trial, and (4) the likelihood of unfair prejudice to the opposing party.

Id. at 42-43 (internal citations omitted). "[T]he listed factors are incorporated into a holistic appraisal of the circumstances." Ungar v. Palestine Liberation Org., 599 F.3d 79, 83-84 (1st Cir. 2010) (internal citation omitted).

II. Analysis

Perfetto has failed to meet his burden as to each of the

factors set forth above. Perfetto has failed to allege any facts or circumstances, much less extraordinary circumstances, to explain the eighteen-month delay between the dismissal of this case and the filing of the instant motion. Further, Perfetto has not addressed, and thus has not demonstrated, that vacating the judgment in this case will not cause "unfair prejudice" to the defendants. See Bouret-Echevarría, 784 F.3d at 43.

To demonstrate that the RLUIPA claim is potentially meritorious, Perfetto relies entirely on the fact that the court directed that the claim be served, after screening the complaint pursuant to 28 U.S.C. § 1915A. Perfetto's reliance on that finding, however, falls short of demonstrating that "'vacating the judgment will not be an empty exercise.'" Bouret-Echevarría, 784 F.3d at 46 (citation omitted).

## Conclusion

For the foregoing reasons, Perfetto's motion for relief from judgment (doc. no. 46) should be denied. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States

v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

          /s/ Andrea K. Johnstone
          Andrea K. Johnstone
          United States Magistrate Judge

October 28, 2015

cc:   Jonathan Perfetto, pro se
      John A. Curran, Esq.